UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEVIN LAMAR PITTS** | **CIVIL ACTION NO. 18-0076** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JERRY GOODWIN** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Pro se Petitioner Kevin Lamar Pitts, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 22, 2018. Petitioner attacks his convictions for simple robbery and possession of a firearm by a convicted felon, as well as the life sentence and twenty-five-year sentence imposed by the Fourth Judicial District Court, Parish of Ouachita.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons, it is recommended that the Petition be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

## Law and Analysis

Petitioner raises four assignments of error: (1) double jeopardy; (2) ineffective assistance of trial and appellate counsel; (3) improper denial of a motion to reopen the case; and (4) improper adjudication as a fourth felony offender.

Petitioner, however, has already filed a federal petition for writ of habeas corpus attacking the same convictions and sentences that he attacks here. *Kevin Lamar Pitts v. Warden Louisiana State Penitentiary*, No. 3:12-cv-1010 (W.D. La. 2012). In the previous petition, Petitioner raised the

following assignments of error: (1) insufficient evidence; (2) denial of the right to confront and cross-examine a witness; (3) improper introduction of a confession; and (4) ineffective assistance of trial and appellate counsel. *Id.* The Court denied and dismissed the previous petition with prejudice. *Pitts v. Warden, Louisiana State Penitentiary*, 2012 WL 6561731, at *1 (W.D. La. Dec. 14, 2012). Petitioner moved for a certificate of appealability, and the Fifth Circuit Court of Appeals denied his motion. [doc. # 41]. Thereafter, the United States Supreme Court denied petitioner's application for writ of certiorari. [doc. # 43].

Although the Antiterrorism and Effective Death Penalty Act ("AEDPA") does not define "second or successive," the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).[1] Here, Petitioner could have raised his claims in his previous petition. Thus, the instant Petition is successive.

Before a second or successive petition may be considered by this Court, Petitioner must obtain authorization to file it from the Fifth Circuit Court of Appeals in accordance with 28 U.S.C.

---

[1] The bar on second or successive petitions applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *In re Lampton*, 667 F.3d 585 (5th Cir. 2012) (citing *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). The phrase "second or successive" applies to an entire application, not to individual claims in an application. *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.'"). "[A]n application filed after a previous application was adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63 (1996)).

§ 2244(b)(3)(A).[2] Because the record does not show that Petitioner has received such authorization, this Court lacks jurisdiction. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

### Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[3]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

---

[2] 28 U.S.C. § 2244(b)(3)(A) provides in part, "[b]efore a second or successive application permitted by this section [§ 2254] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] Although some district courts have transferred second or successive petitions to the Fifth Circuit for authorization, a transfer is not mandatory. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred). Dismissal, rather than transfer, is warranted here.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Monroe, Louisiana, this 3rd day of April, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE